UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE D. PIPHO,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____/

Case No. 14-cv-11273

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [15], ACCEPTING REPORT AND RECOMMENDATION [14], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9], AND AFFIRMING THE COMMISSIONER'S DECISION**

**I. INTRODUCTION**

Mike D. Pipho ("Pipho" or "Plaintiff") brought this action against the Commissioner of Social Security ("the Commissioner" or "Defendant") pursuant to 42 U.S.C. § 405(g) on March 27, 2014. *See* Dkt. No. 1. In the Complaint, Pipho challenges the Commissioner's final decision denying his application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). *Id*. This case was referred to Magistrate Judge Mona K. Majzoub on March 28, 2014. *See* Dkt. No. 3. The case was reassigned to Magistrate Judge Elizabeth B. Stafford on January 12, 2015 pursuant to Administrative Order 15-AO-009. *See* Dkt. No. 13.

Pipho filed a Motion for Summary judgment on July 30, 2014. *See* Dkt. No. 9. The Commissioner also filed a motion for Summary Judgment on August 13, 2014. *See* Dkt. No. 10. On June 16, 2015, Magistrate Judge Stafford submitted a Report and Recommendation [14], in which she determined that the Administrative Law Judge's ("ALJ") decision was supported by

substantial evidence. *See* Dkt. No. 14. Accordingly, Magistrate Judge Stafford recommended that the Plaintiff's Motion for Summary Judgment [9] be denied, the Defendant's Motion for Summary Judgment [10] be granted, and the Commissioner's decision be affirmed pursuant to sentence four of 42 U.S.C. § 405(g). *See id.*

On June 30, 2015, Pipho submitted his Objections to the Magistrate Judge's Report and Recommendation [15]. The Commissioner responded to Pipho's objections on July 10, 2015. *See* Dkt. No. 16. After reviewing Pipho's Objections to the Magistrate Judge's Report and Recommendation, the Court will **OVERRULE** Pipho's Objections [15] and **ACCEPT** Magistrate Judge Stafford's Report and Recommendation [14].

## II. DISCUSSION

### A. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of these portions. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether the ALJ's findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotations omitted); *see also McGlothin v. Comm'r of Soc. Sec.,* 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

### B. LEGAL ANALYSIS

Plaintiff puts forth four objections in his Objections to the Magistrate Judge's Report and Recommendation. *See* Dkt. No. 15. First, Pipho objects to the Magistrate Judge's conclusion that the ALJ's credibility findings were supported by substantial evidence. *See* Dkt. No. 15 at 1-2 (objecting to Dkt. No. 14 at 7-9). Second, Pipho objects to the Magistrate's decision to affirm the ALJ's finding at step two of the five-step inquiry for determining whether an applicant is disabled under the Act. *See id.* at 2-3 (objecting to Dkt. No. 14 at 9-11). Third, Pipho objects to the Magistrate Judge's conclusion that the ALJ's RFC assessment is supported by substantial evidence. *See id.* at 3-6 (objecting to Dkt. No. 14 at 11-13). Fourth, Pipho objects to the Magistrate Judge's finding that a remand pursuant to sentence six of §405(g) is not warranted. *See id.* at 6 (objecting to Dkt. No. 14 at 13-14). The Court is not persuaded by any of these objections and will address each objection in turn.

#### 1. Objection 1: The Magistrate Judge Correctly Assessed the ALJ's Credibility Determinations

For his first objection, Pipho argues that the ALJ incorrectly relied on his history of noncompliance concerning his diabetic medication, and placed too much weight on his quarterly volunteer work. *See* Dkt. No. 15 at 1-2. As such, he contends that the Magistrate Judge's conclusion affirming the ALJ's credibility findings were not supported by substantial evidence. This Court disagrees.

While it is not immediately clear, it appears that Pipho is objecting to the Magistrate Judge's finding that "other evidence in the record from May 2011 and March 2012 supports the ALJ's finding that Pipho had a history of noncompliance with taking his medication, and that [] is what caused his increased blood sugar levels." Dkt. No. 14 at 9; *cf.* Dkt. No. 15 at 1 ("To say that Plaintiff was noncompliant with his diabetes medication from May 2011 to March 2012 is misleading). However, Pipho points out no flaw in the Magistrate Judge's reasoning. Instead, Pipho simply reiterates his disagreements with the ALJ's findings. *See id.* at 1-2. Pipho's disagreement with the ALJ is not sufficient so long as the ALJ's decision is supported by substantial evidence. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984), for the following proposition: "The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.") (citations omitted).

Here, the Magistrate Judge correctly determined that the ALJ's credibility findings were supported by substantial evidence. The Sixth Circuit has stated that "[t]his Court must affirm that Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). When the Magistrate Judge reviews the ALJ's credibility findings, the Sixth Circuit has held that "[t]he claimant's credibility may be properly discounted 'to a certain degree . . . when an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.2d 387, 392 (6th Cir. 2004) (citing *Walters*, 127 F.3d at 531).The

Sixth Circuit has further explained that, in addition to the medical records, "[a]n [administrative law judge] may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters*, 127 F.3d at 532. In no uncertain terms, the Sixth Circuit emphasized that "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Here, Judge Stafford noted that the record contains evidence of Pipho's noncompliance concerning his medications. *See* Dkt. No. 6-7 at 6, 16, 53, 72. She then reasonably affirmed the ALJ's determination of Pipho's credibility concerning his diabetic medication. Dkt. No. 14 at 9. The Magistrate did not err in placing weight on Pipho's volunteer and social activities. As stated above, an ALJ may consider social activities when assessing a claimant's assertions. *See Walters*, 127 F.3d at 532. The record demonstrates that Pipho can drive, volunteers, and performs all of his household chores, including yard work. Dkt. No. 6-2 at 87-90. To reiterate, in *Warner*, the Sixth Circuit found that an "administrative law judge justifiably considered [the claimant's] ability to conduct daily life activities in the fact of his claim of disabling pain." *Warner*, 375 F.3d at 392. Accordingly, after reviewing the record, the Magistrate Judge did not err, as there is substantial evidence to support the ALJ's credibility findings.

### 2. Objection 2: The Magistrate Judge Correctly Affirmed the ALJ's Determinations Regarding Pipho's Tremors

Plaintiff's second objection is not specific enough to be entitled to *de novo* review under the Act. To be clear, only those objections that are specific are entitled to a *de novo* review under the statute. *See Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A non-specific objection, or one that merely

reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, No. 13-12745, 2014 WL 6750310, at *6-7 (E.D. Mich. Dec. 1, 2014) (citing *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991), for the proposition that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

Here, Pipho attempts to object to the Magistrate Judge's decision to affirm the ALJ's finding that Claimant's tremors were not severe impairments. *See* Dkt. No. 15 at 2. Specifically, Pipho states that "the ALJ failed to provide any explanation of the evidence and testimony regarding the limiting effects of Plaintiff's tremors." *Id*. However, the Magistrate Judge directly addresses Pipho's tremors in her Report and Recommendation and she offers her reasoning for affirming the ALJ's findings. *See* Dkt. No. 14 at 10. The Magistrate stated that Pipho's tremor "is not evidence that he is significantly limited in his ability to do work." *Id*. Furthermore, the Magistrate discussed how Pipho presented contradictory evidence with respect to his tremors, noting that Pipho "testified at first that he had no problems with writing, but later that he could not write due to tremors." *Id*. at n.2.

Pipho addresses none of the Magistrate Judge's findings. Pipho does not even explain the basis for his objection, and simply reiterates his arguments against the ALJ's findings. However, as stated above, an ALJ's findings are conclusive as long as they are supported by substantial evidence. *Walters*, 127 F.3d at 528. The record demonstrates that there is substantial evidence to support the ALJ's conclusions regard Plaintiff's tremors. Accordingly, the Court also rejects this objection.

-6-

### 3. Objection 3: The Magistrate Judge Correctly Affirmed the ALJ's Residual Functional Capacity ("RFC") Determination

The Magistrate also did not err when evaluating the ALJ's residual functional capacity ("RFC") determination. Pipho alleges that the ALJ should have included a limitation concerning Plaintiff's concentration due to his depression. *See* Dkt. No. 15 at 3. Accordingly, Pipho requests this Court remand this case to determine whether "jobs existed with Plaintiff's limitation." *Id.* at 5-6. The Court rejects Pipho's request to remand, because the Magistrate Judge correctly determined that the ALJ's assessment was supported by substantial evidence.

The record demonstrates that the Pipho's "providers consistently observed that he presented with orientation times three, intact comprehension, pleasant mood, logical thoughts, and good insight and judgment; and they reported that he denied hallucinations, high stress, poor concentration, mood swings, and suicid[al] thoughts." Dkt. No. 14 at 12 (citations omitted). Additionally, the Magistrate Judge noted that Pipho "failed to present medical evidence demonstrating that his mental impairment significantly limits his ability to perform basic job functions . . ." *Id.* As such, the Magistrate Judge concluded that the ALJ's RFC finding was supported by substantial evidence. *Id.* at 12-13.

The Court emphasizes that the Sixth Circuit has held "[i]t is well established that an ALJ may post hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health and Human Serv.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Taking all of this into consideration, the Court is left with the conclusion that the Magistrate Judge did not err when evaluating the ALJ's RFC determination.

### 4. Objection 4: Plaintiff's New Evidence is not Material and Does not Warrant a Sentence Six Remand

Lastly, the Court finds that the Magistrate Judge did not err by determining that the case did not warrant a sentence six remand, pursuant to Section 405(g). "The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Services.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson*, 402 U.S. at 401). However, the Court may remand a case to the ALJ to consider new evidence upon the showing "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). This is also known as a "sentence six remand[.]" *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x. 542, 549 (6th Cir. 2002).

In order for the Court to consider new evidence, the evidence must relate "to the period on or before the date of the administrative law judge decision." 20 C.F.R. § 404.970(b). "[E]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 947 F.2d at 685. New evidence is "'material' only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2002) (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).

Accordingly, Section 405(g) requires Pipho to show that the new evidence is material in order for the Court to issue a six sentence remand for the ALJ to consider evidence introduced after the ALJ's initial review. Here, Pipho requested a sentence six remand in the Motion for Summary Judgment. *See* Dkt. No. 9 at 18. The Magistrate Judge determined that the new evidence concerning Pipho's sciatica was not material. Dkt. No. 14 at 14. The Court agrees. The ALJ recognized sciatica as one of Pipho's impairments. *See* Dkt. No. 6-2 at 64. Pipho has failed

to demonstrate that the new evidence, if presented, would lead the ALJ to a different disposition. Thus, Pipho has not demonstrated the new evidence relating to his sciatica is material. Therefore, a six sentence remand under section 405(g) is inappropriate.

### IV. CONCLUSION

Accordingly, for the reasons discussed, the Court **HEARBY OVERRULES** Plaintiff's Objections [15]; **ACCEPTS** Magistrate Judge Stafford's Report and Recommendation [14]; **GRANTS** Defendant's Motion for Summary Judgment [10]; **DENIES** Plaintiff's Motion for Summary Judgment [9], and **AFFIRMS** the Commissioner's Decision.

IT IS SO ORDERED.

Dated: July 27, 2015

/s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2015.

s/Felicia M. Moses for Tanya Bankson
TANYA BANKSTON
Case Manager